# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| JULIA SAMUELS | : | CIVIL ACTION NO. 12-0106 |
| --- | --- | --- |
| VS. | : | JUDGE DONALD E. WALTER |
| DR. MIRACLES, INC., ET AL. | : | MAG. JUDGE KAREN L. HAYES |

**(consolidated with)**

| ALMA JOHNSON | * | CIVIL ACTION NO. 12-0117 |
| --- | --- | --- |
| VERSUS | * | |
| DR. MIRACLES, INC., ET AL. | * | |

## REPORT AND RECOMMENDATION

Upon review of the record, and for reasons detailed below, it is recommended that the complaint-in-intervention, filed by the Murphy Law Firm, be dismissed, without prejudice, for lack of subject matter jurisdiction.[1] This matter pertains only to Civil Action No. 12-0106.

### Background

On September 7, 2010, Julia Samuels filed the instant petition for damages in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, against the manufacturers and retailer(s) of the Dr. Miracles hair care product. (Petition). She alleged that five to seven days after she used the product, her hair began to thin and fall out, with associated

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), the District Court has referred certain pretrial matters, including motions to dismiss, to the undersigned magistrate judge for report and recommendation.

burns to her scalp. *Id*., ¶ 3. Consequently, she further alleged that the product was defective, and asked for compensatory damages. *Id*., ¶ 22. Over a two year period, plaintiff amended her complaint three times to add additional parties, and on the last occasion, included an *ad damnum* allegation specifying that her damages exceeded $75,000. *See* Pl. 3rd Suppl. & Amend. Petition; Notice of Removal Exh. D. Following receipt of the latest amended pleading, defendants removed the matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal).

In due course, the parties mediated the matter, and settled all claims between all parties. *See* Sept. 3, 2013, Letter to the Court [doc. # 124]. Pursuant to the settlement, the court dismissed the matter without prejudice to the right to reopen if settlement was not consummated. (Sept. 3, 2013, Order of Dismissal [doc. # 125]).

On September 11, 2013, plaintiff's former counsel, the Murphy Law Firm, sought, and eventually obtained, leave to file a complaint-in-intervention against its former client Julia Samuels to recover $42,611 in litigation costs and expenses that it had expended in this matter, plus attorney fees. *See* doc. #s 126-130. Because of this unresolved dispute between Samuels and her former counsel, the settling defendants obtained leave of court to deposit the settlement funds totaling $15,250.00 into the registry of the court, pending resolution of the competing claims. *See* doc. #s 131-132.

On May 16, 2014, the undersigned reviewed the complaint-in-intervention and questioned whether the court enjoyed subject matter jurisdiction to entertain the residual fee/cost dispute. *See* May 16, 2014, Order [doc. # 136]. Specifically, the order noted that the

intervention failed to properly allege the citizenship of the Murphy Law Firm, and questioned whether the amount in controversy exceeded the jurisdictional minimum – $75,000. *Id*. Accordingly, the court ordered the parties to show cause within the next seven days why the complaint-in-intervention should not be dismissed for lack of subject matter jurisdiction and the $15,250 in the court's registry disbursed to plaintiff Julia Samuels. *Id*.

Within the deadline to respond, the Murphy Law Firm requested and obtained three extensions of time to respond to the show cause order. [doc. #s 139-145]. In support of the requests, Peyton Murphy represented that he and Ms. Samuels had reached an amicable resolution regarding the pending intervention and distribution of the funds in the court's registry. *Id*. On July 21, 2014, however, Julia Samuels notified the court that, in fact, there was no agreement between the parties, and instead, the court should distribute all of the funds to her forthwith. [doc. # 146].

On August 18, 2014, the latest deadline to respond to the show cause order lapsed, with no response from the Murphy Law Firm. Accordingly, the matter is ripe.

## **Law and Analysis**

Before reaching the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431, 127 S.Ct. 1184, 1191 (2007); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). A court must raise the

issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

In the case *sub judice*, the Murphy Law Firm/intervenor invoked the court's subject matter jurisdiction, via diversity, 28 U.S.C. § 1332. (Compl. in Intervention, ¶ 2). Moreover, because the Murphy Law Firm, as intervenor, is properly aligned as a plaintiff, it cannot piggyback its claim onto the diversity jurisdiction of the original demand via supplemental jurisdiction, 28 U.S.C. § 1367. *See Griffin v. Lee*, 621 F.3d 380 (5th Cir. 2010). Rather, the intervenor must establish diversity jurisdiction on its own. *Id.*

For purposes of diversity, "[a]ll plaintiffs must be diverse in citizenship from all defendants . . ."[2] and the parties' citizenship must be "*distinctly* and *affirmatively* alleged." *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). This rule requires "strict adherence." *Id.* Moreover, the matter in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a).

---

[2] *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990)

Here, the Murphy Law Firm failed to establish either component of diversity jurisdiction. The court previously notified the Murphy Law Firm that its complaint neglected to properly allege its own citizenship. *See* May 16, 2014, Order [doc. # 136]. Nonetheless, intervenor has failed to address or remedy the deficient jurisdictional allegation. Thus, dismissal is warranted. *Patterson v. Patterson*, 808 F.2d 357, 358 (5th Cir. 1986).

As to the amount in the controversy, the Supreme Court explained long ago that,

> [t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90, 58 S. Ct. 586, 590-91 (1938).

Applying the foregoing principles here, it is legally certain that the intervention does not exceed the jurisdictional minimum. According to the complaint and its attachments, the amount in controversy does not exceed $50,000 ($42,611 in costs and expenses plus $6,100 in fees (40% of the $15,250 recovery)). (Compl. in Intervention).

## **Conclusion**

For the foregoing reasons, the undersigned finds that the intervenor Murphy Law Firm has not satisfied its burden of establishing the existence of federal subject matter jurisdiction.

*Howery, supra*; 28 U.S.C. § 1332. In the absence of subject matter jurisdiction, dismissal is required. Fed.R.Civ.P. 12(h)(3); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."). Furthermore, with the dismissal of the intervention, no party contests that Julia Samuels is entitled to receive the funds presently residing in the court's registry. Accordingly,

IT IS RECOMMENDED that the complaint-in-intervention, filed by the Murphy Law Firm be dismissed, without prejudice, for lack of subject matter jurisdiction.

IT IS FURTHER RECOMMENDED that the court issue an order authorizing and directing the Clerk of Court to draw a check on the funds on deposit in the registry of this court in the principal amount of $15,250.00 plus all interest earned, less the assessment fee for the administration of funds, payable to Julia Samuels, 14531 Ella Blvd. # 2808, Houston, TX and mail it to her at the foregoing address.[3]

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[3] Prior to disbursement, plaintiff must provide her social security number to the Clerk of Court. *See* LR 67.3

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 20th day of August 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE